**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3056-18T3

IN THE MATTER OF
CALVIN ROANE

_____

Submitted December 10, 2019 – Decided January 21, 2020

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 18-11-2726.

Joseph E. Krakora, Public Defender, attorney for appellant Calvin Roane (Susan L. Romeo, Assistant Deputy Public Defender, of counsel and on the brief).

Respondent State of New Jersey has not filed a brief.

PER CURIAM

Defendant Calvin Roane appeals from an order finding him in contempt of court and summarily sentencing him to six months of incarceration. We reverse because defendant was not afforded a sufficient opportunity to be heard on either the finding of contempt or the sentence. Consequently, the procedural

safeguards set forth in <u>Rule</u> 1:10-1 and <u>In re Daniels</u>, 118 N.J. 51 (1990) were not honored.

The record establishes the relevant facts. Defendant and his counsel were before the court on a <u>Miranda</u>[1] motion to suppress a statement defendant had given to the police. After the court denied the motion, the prosecutor asked for excludable time. Defendant interjected: "Excludable time? How much time y'all want? I've been here for six months." The court advised defendant to calm down. Defendant repeated that he had been incarcerated for six months and the court began to explain to defendant that he needed to have a proper demeanor in court. In reply, defendant stated: "[m]an, you as a judge can suck my dick." While defendant used the word "man," the judge was a woman. Without further proceedings, the court announced that defendant was in contempt. Defendant responded: "I don't give a fuck."

The court then asked defense counsel whether she wanted to be heard concerning the sentence. Defense counsel pointed out that her client was often very emotional and that he had mental health issues. Counsel also contended that, if given an opportunity, she thought defendant would apologize and acknowledge that his outburst was unacceptable.

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

A-3056-18T3

Specifically, the following exchange occurred on the record:

> [PROCECUTOR]:  We would request excludable time, Your Honor.
>
> [DEFENSE COUNSEL]:  No objection.
>
> THE COURT:  Okay.
>
> [] DEFENDANT:  Excludable time?  How much time y'all want?  I've been here for six months.
>
> THE COURT:  Mr. Roane, please --
>
> [] DEFENDANT:  How much time you want?
>
> THE COURT:  -- Mr. Roane, please calm down. It's not going to help you, Mr. Roane, to have outbursts in court.
>
> [] DEFENDANT:  I don't -- (indiscernible).
>
> THE COURT:  Okay.  I just want to --
>
> [] DEFENDANT: (Indiscernible) every constitution -- everything, man.
>
> [DEFENSE COUNSEL]: (Indiscernible) next Monday.
>
> THE COURT: [Defense counsel] --
>
> [] DEFENDANT:  Come on, man.
>
> THE COURT:  -- on his --
>
> [] DEFENDANT:  I've been here for six months and shit, (indiscernible).

3

THE COURT: -- [Defense counsel] -- Mr. Roane. Let me explain to you, Mr. Roane, and this is important. Now, you have to have proper demeanor in the courtroom. If you use profanity -- listen, Mr. --

[] DEFENDANT: Man, you as a judge can suck my dick.

THE COURT: Okay, that's fine. Have a seat, sir. And what's going to happen is, that is contempt in the presence of the court. I am holding you in contempt, sir. Under the court rule --

[] DEFENDANT: I don't give a fuck.

THE COURT: You -- before you are sentenced, [Defense counsel], do you wish to be heard before I sentence him? [Defense counsel], do you wish --

[DEFENSE COUNSEL]: Yes, Judge.

THE COURT: -- to be heard before I sentence him?

[DEFENSE COUNSEL]: Judge, with regard to the contempt, Judge, I would note that we would ask for you to not hold my client in contempt. My client is obviously very emotional. He has -- he has been during my whole representation of him. I believe that Mr. Roane will apologize and he understands that this outburst was not acceptable.

Additionally, Your Honor, I do note that he does have some mental health concerns. I have represented Mr. Roane before.

The court did not give defendant an opportunity to explain or apologize.

Instead, the court asked the assistant prosecutor for his position. In response,

4

the prosecutor noted that defendant's outburst was inappropriate, but the prosecutor did not ask for contempt nor did he want to be heard on a sentence. Consistent with that position, the prosecutor's office elected not to submit a brief to us and, consequently, took no position on this appeal.

The court then imposed a six-month sentence. In that regard, the court stated, in total:

> THE COURT: Okay. The court finds that Mr. Roane is in contempt of court in the presence of the judge. The court rule supports it. When there's a contempt in the presence of a judge, the court can hold him in contempt.
> The language that he used in my courtroom, the record speaks for itself. He has told the court to suck his dick in the presence of my -- in the presence of the court. I find him in contempt.
> He's sentenced to six months effective today.

Those proceedings took place on the record on March 15, 2019. Three days later, the court issued a written order, dated March 15, 2019, holding defendant in contempt and sentencing him to six months of incarceration. The order did not stay the sentence for five days as required by Rule 1:10-1.

Both we and the Supreme Court denied defendant's request to file an emergent motion. In denying defendant's motion, the Supreme Court noted that if defendant filed an appeal, the provisions of Rule 1:10-1 would control. Under that rule defendant's sentence would be stayed pending an appeal. Thus, on

5

March 20, 2019, defendant first requested a stay from the trial court, which was denied, and then filed this appeal.

Defendant makes two arguments on appeal, which he articulates as follows:

> POINT I DEFENDANT'S SUMMARY CONVICTION FOR CONTEMPT MUST BE REVERSED BECAUSE THE TRIAL COURT'S ALMOST INSTANTANEOUS ADJUDICATION FAILED TO ACCORD HIM THE DUE PROCESS TO WHICH HE WAS ENTITLED UNDER IN RE DANIELS, 118 N.J. 51 (1990), AND BECAUSE THE COURT IGNORED THE MITIGATING EVIDENCE OF DEFENDANT'S MENTAL HEALTH PROBLEMS
>
> POINT II DEFENDANT'S SENTENCE MUST BE REVERSED BECAUSE THE COURT PROVIDED NO FACTUAL FINDINGS OR CONCLUSIONS TO SUPPORT ITS IMPOSITION OF A SIX-MONTH CONSECUTIVE SENTENCE, WHICH WAS EXCESSIVE FOR CONDUCT THAT OCCURRED ON A SINGLE OCCASION AND LASTED ONLY MINUTES

The power of courts to punish contempt is well-established. Amoresano v. Laufgas, 171 N.J. 532, 549 (2002) (citing In re Buehrer, 50 N.J. 501, 513 (1967)). It is, however, an "extraordinary power" that "should be exercised sparingly and only in the rarest of circumstances." In re Daniels, 118 N.J. at 61.

Acts committed in the presence of the court are governed by Rule 1:10-1. That rule provides:

6

A judge conducting a judicial proceeding may adjudicate contempt summarily without an order to show cause if:

(a) the conduct has obstructed, or if continued would obstruct, the proceeding;

(b) the conduct occurred in the actual presence of the judge, and was actually seen or heard by the judge;

(c) the character of the conduct or its continuation after an appropriate warning unmistakably demonstrates its willfulness;

(d) immediate adjudication is necessary to permit the proceeding to continue in an orderly and proper manner; and

(e) the judge has afforded the alleged contemnor an immediate opportunity to respond.

The order of contempt shall recite the facts and contain a certification by the judge that he or she saw or heard the conduct constituting the contempt and that the contemnor was willfully contumacious. Punishment may be determined forth with or deferred. Execution of sentence shall be stayed for five days following imposition and, if an appeal is taken, during the pendency of the appeal, provided, however, that the judge may require bail if reasonably necessary to assure the contemnor's appearance.

The summary contempt power is a narrow exception to due process requirements "where immediate punishment is essential to prevent 'demoralization of the court's authority' before the public." In re Daniels, 118

N.J. at 62 (quoting In re Oliver, 333 U.S. 257, 275 (1948)).  Our Supreme Court has explained that before a court takes the extraordinary step of exercising its summary contempt power, the court should evaluate (1) the gravity of the conduct; (2) afford the party who is the subject of the contempt an "opportunity to retreat or explain the circumstances"; (3) consider whether immediate adjudication is necessary; (4) "evaluate whether the record will adequately disclose the essence of the contempt"; (5) "consider whether there is any appearance of personal confrontation or loss of objectivity that would require" referencing the matter to another judge "[i]f the contempt involves personal insult to the court"; and (6) if "imprisonment may be warranted," consider whether a "more formal charging process and reference to another judge for adjudication and sentence" would be appropriate to accord more due process. Id. at 67-68.

Our review of a summary contempt order is de novo.  Id. at 62.  In that regard, Rule 1:10-1 allows an immediate appeal from a finding of contempt and stays any sentence pending that appeal.  Our Supreme Court has explained that "[t]he provision for de novo appellate review of summary contempt convictions is a fail-safe mechanism for assuring that the contempt power is not abused." Ibid. (citing In re Yengo, 84 N.J. 111, 135 (1980) (Handler, J., concurring)).

Here, the trial court did not afford defendant any opportunity to explain or apologize for the outburst. The outburst itself was clearly inappropriate. It was, however, directed at the judge and the judge should have used her discretion to give defense counsel an opportunity to confer with defendant who was obviously emotional at the moment. Importantly, the record does not reflect that defendant's inappropriate comments were made over an extended period of time after he had been warned that his statements were inappropriate. Instead, the record reflects that those brief outbursts were a spontaneous, albeit inappropriate, response to the prosecutor's request for excludable time.

More importantly, there is no explanation for the imposition of a six-month sentence. Trial courts have a wide array of potential sanctions for contemptuous behavior. Those sanctions can include censure, fines, or incarceration. If, however, incarceration is to be imposed, a court should carefully consider according more due process by referring the contempt matter to another judge for adjudication and sentence. See In re Daniels, 118 N.J. at 68. Indeed, our Supreme Court has explained that "ordinarily" such a reference is required when imprisonment may be warranted for contempt. Ibid.

Accordingly, we reverse and vacate the March 15, 2019 order finding defendant in contempt and imposing a sentence. We remand the matter with the

direction that if the court believes contempt is still appropriate, the issue should be referred to another judge for adjudication and sentence.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION